

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00331-CR
_____

DANIEL YOUNGBLOOD, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13611

Before Pittman, Gabriel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

After seeing dashcam footage of law enforcement pulling a baggie of what appeared to be methamphetamine from Appellant's pocket and after hearing a DPS forensic chemist testify that the substance was in fact 2.24 grams of methamphetamine, a jury convicted Appellant Daniel Youngblood of the possession of one or more but less than four grams of that controlled substance and assessed his punishment at ten years' confinement. *See* Tex. Health & Safety Code Ann. §§ 481.102(6) (providing methamphetamine is a Penalty Group 1 controlled substance), .115(a), (c) (providing possession of one or more but less than four grams, including adulterants or dilutants, is a third-degree felony); Tex. Penal Code Ann. § 12.34(a) (providing range of confinement for third-degree felony is two to ten years). The trial court sentenced him accordingly. Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). In his amended pro se response to the *Anders* brief filed December 27, 2018, Appellant alleges ineffective assistance of trial counsel, violations of his rights to due process and compulsory process, and judicial bias. He also complains of the second denial of a motion to suppress and the alleged absence of library access

2

before trial, an issue he raised unsuccessfully in a mandamus petition filed in the Supreme Court of Texas. *See In re Youngblood*, No. 17-0555 (Tex. Aug. 25, 2017) (orig. proceeding) (summary denial).

The State did not file a brief in response to the *Anders* brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court must independently examine the record to see if any arguable ground may be raised on his behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also consider the briefs and any pro se response. *See Schulman*, 252 S.W.3d at 408–09. Only after we conduct our own examination to determine whether counsel has correctly assessed the case may we grant her motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, the record, and Appellant's response to the *Anders* brief.

In our independent review of the record, we discovered that the amended bill of costs includes some costs not supported by the record. *First*, the amended bill of costs includes a capias warrant fee of $50. Appellant was arrested as the result of a traffic stop, not a warrant. The statute governing fees for services of peace officers provides that a defendant convicted of a felony shall pay $50 for the executing or processing of an issued arrest warrant or capias but only $5 for a warrantless arrest. *See* Tex. Code Crim. Proc. Ann. art. 102.011(a)(1)–(2). We therefore modify the trial

3

court's judgment, the incorporated order to withdraw funds, and the amended bill of costs to delete $45 for this discrepancy. *See, e.g.*, *Gonzalez v. State*, No. 02-17-00373-CR, 2019 WL 983699, at *2 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (mem. op., not designated for publication) (holding same in similar Hood County case).

*Second*, the amended bill of costs includes a $90 fee for conveying out-of-county witnesses. Article 102.011(c) of the Texas Code of Criminal Procedure provides,

> If an officer attaches a witness on the order of a court outside the county, the defendant shall pay $10 per day or part of a day spent by the officer conveying the witness and actual necessary expenses for travel by the most practical public conveyance. In order to receive expenses under this subsection, the officer must make a sworn statement of the expenses and the judge issuing the attachment must approve the statement.

Tex. Code Crim. Proc. Ann. art. 102.011(c). The record does not contain an officer's sworn statement of judge-approved expenses. *See id.*; *Gonzalez*, 2019 WL 983699, at *2–3. We therefore modify the trial court's judgment, the incorporated order to withdraw funds, and the amended bill of costs to delete this $90 fee. *See Gonzalez*, 2019 WL 983699, at *2–3.

*Third,* the amended bill of costs provides no restitution, no evidence supports a restitution award, and no restitution was pronounced at sentencing. *See, e.g.*, *Milligan v. State*, No. 02-16-00035-CR, 2016 WL 6123643, at *2 & n.2 (Tex. App.—Fort Worth Oct. 20, 2016, no pet.) (mem. op., not designated for publication). But the amended bill of costs charges a restitution installment fee of $12. Because no restitution was ordered, we delete the restitution installment fee from the trial court's judgment, the

4

incorporated order to withdraw funds, and the amended bill of costs. *See* Tex. Code Crim. Proc. Ann. art. 42.037(g)(1); *Gonzalez*, 2019 WL 983699, at *2.

*Fourth*, the amended bill of costs reflects that Appellant was charged $180 for the summoning of witnesses. Article 102.011 of the Texas Code of Criminal Procedure provides that a defendant convicted of a felony or misdemeanor shall pay $5 for a peace officer's summoning of a witness. Tex. Code Crim. Proc. Ann. art. 102.011(a)(3). The trial court's clerk's record, as supplemented, contains only thirteen subpoenas. We therefore modify the witness-summoning fee to $65 in the trial court's judgment, the incorporated order to withdraw funds, and the amended bill of costs. *See id.*; *Robles v. State*, No. 01-16-00199-CR, 2018 WL 1056482, at *6 (Tex. App.—Houston [1st Dist.] Feb. 27, 2018, pet. ref'd) (mem. op., not designated for publication); *Frazier v. State*, No. 06-17-00035-CR, 2017 WL 3430907, at *1 (Tex. App.—Texarkana Aug. 10, 2017, no pet.) (mem. op., not designated for publication).

Except for these improperly imposed fees, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record before us that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

Having modified the trial court's judgment, the incorporated order to withdraw funds, and the amended bill of costs to delete a cumulative total of $262—$45 for the warrant fee, $90 for the out-of-county conveyances, $12 for the restitution installment

fee, and $115 for summoning witnesses—leaving total amended costs at $424 without considering any payment by Appellant, we grant counsel's motion to withdraw and affirm as modified the trial court's judgment and the order to withdraw funds incorporated therein. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has authority to modify a judgment in an *Anders* appeal).

                                                            Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 27, 2019